UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| OHAN KARAGOZIAN, | : | 3:14cv1952 (WWE) |
| | : | |
| v. | : | |
| | : | |
| SAM'S EAST, INC. | : | |

**RULING ON MOTION TO DISMISS**

In this action, plaintiff Ohan Karagozian alleges discrimination on the basis of his gender, age and national origin in violation of the Connecticut Fair Employment Practices Act. Defendant removed this action to this Court on the basis of diversity jurisdiction and filed a motion to dismiss for failure to state a claim. For the following reasons, the motion to dismiss will be denied.

**FACTUAL BACKGROUND**

For purposes of ruling on this motion to dismiss, the Court assumes that all of the factual allegations in the complaint are true.

Plaintiff was born in Bulgaria of Armenian parents in January 1961. In March 2014, plaintiff applied and was offered a part-time optician position at the Sam's Club in Orange, Connecticut. The offer was subject to plaintiff's passing a drug screening and background check. Plaintiff had disclosed that he had a 1989 felony conviction for "Possession w/intent."

Plaintiff passed the drug screening test and a background check concerning criminal convictions from 2006. Nevertheless, plaintiff later received a letter rescinding the offer of employment for the alleged reason of "information provided ... in a

Consumer Report or investigative Consumer Report (background report)." Plaintiff telephoned the number listed on the letter and was informed that he was disqualified because of his 1989 felony conviction.

Two months later, defendant hired a 43-year old Hispanic female.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendant maintains that plaintiff has failed to set forth a plausible claim of discrimination in violation of CFEPA. Specifically, defendant asserts that plaintiff has not set forth factual allegations setting forth the prima facie case for CFEPA discrimination.

However, the Court disagrees. The Court must construe the allegations of the complaint most liberally in favor of plaintiff. It is well settled that to establish a prima facie claim of disparate treatment discrimination, the plaintiff must demonstrate that (1)

he belongs to a protected class; (2) he was performing his duties satisfactorily; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. <u>Eady v. City of Bridgeport</u>, 156 Conn. App. 597, 604 (2015). Plaintiff's initial burden is not onerous. <u>Lizee v. Yale Univ.</u>, 2014 WL 4099324, *3 (Conn. Super. July 15, 2014).

In this instance, plaintiff has alleged all of the elements of the prima facie case. The fact that his alleged employment offer was rescinded and that the job was offered to a younger woman of Hispanic descent affords an inference that he was rejected due to discriminatory animus based on his gender, age and national origin. Defendant has adequate notice of the violation asserted against it and the grounds for such violation. The Court will leave plaintiff to his proof.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [doc. #12] is DENIED.

Dated this 3d day of June, 2015 at Bridgeport, Connecticut.

 /s/
Warren W. Eginton
Senior U.S. District Judge