UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

OHAN KARAZOGIAN,          :
    Plaintiff,          :
                               :
v.          :
                               :   No. 3:14 CV 1952 (WWE)
SAM'S EAST, INC.,          :
    Defendant.          :

**MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT**

In this action, plaintiff Ohan Karazogian alleges that defendant Sam's East, Inc.'s decision not to hire him violated the Connecticut Fair Employment Practices Act ("CFEPA").[1] Defendant has filed a motion for summary judgment on the complaint in its entirety. For the following reasons, the motion for summary judgment will be granted.

## BACKGROUND

In support of the motion for summary judgment, the parties have submitted statements of undisputed facts with supporting exhibits. Plaintiff has admitted all of the facts stated in defendant's statement of facts filed pursuant to Local Rule of Civil Procedure 56(a)(1).

Between 1989 to 1993, plaintiff, who is of Armenian/Bulgarian descent, was incarcerated based on his felony conviction for cocaine distribution. He has a Connecticut optician license and worked as an optician at Luxottica from June 2012 until February 2012.

Defendant is a wholly-owned subsidiary of Wal-Mart Stores, Inc.

---

[1] Generally, Connecticut anti-discrimination statutes are interpreted in accordance with federal precedent. Kaytor v. Electric Boat Corp., 609 F.3d 537, 556 (2d Cir. 2010).

1

In March 2013, plaintiff applied for a part-time licensed optician position in Health and Wellness at defendant's store in Orange, Connecticut. He had spoken with Steven Canada, the optical manager, who directed him to apply online for the opening in the Orange store.

On March 14, 2013, Canada and the store manager, Frank Engel, interviewed plaintiff. Plaintiff maintains that the interview included a brief discussion of heritage.

Engel extended plaintiff an offer of employment that was conditional upon completion of a successful drug test and background check as required by Wal-Mart. At the time relevant to this action, Wal-Mart had a policy not to hire for its Health and Wellness department an individual who had been convicted of possession with intent to distribute controlled substances. Wal-Mart adopted this policy after the United States Drug Enforcement Agency issued regulations that impose certain restrictions on persons that dispense or have access to controlled substances. See 21 C.F. R. § 1301.76(a).

In accordance with the Wal-Mart background check process, plaintiff completed a background check authorization form. Plaintiff disclosed that he had a felony conviction for "possession w/intent." An outside vendor, General Services, Inc. ("GIS"), conducted the background check on plaintiff. On March 19, 2013, GIS sent plaintiff a letter, notifying him that its report contained "information that is likely to have an adverse effect on your ability to obtain employment with Wal-Mart." The letter enclosed the background report, which included a designation of plaintiff as "Non-Competitive."[2]

On March 19, 2013, GIS also notified Cynthia LoRusso, the Personnel and

---

[2]The designation "Non-Competitive" signifies that plaintiff was not eligible for the position as a licensed optician.

2

Training Coordinator at Sam's Club, that it had completed the background check and designated plaintiff as "Non-Competitive." On March 27, GIS notified plaintiff by letter that his conditional offer was rescinded. Plaintiff called the telephone number provided in the letter and was informed that his offer was rescinded due to his criminal conviction.

In April 2013, defendant filled the licensed optician position with a woman who was 63 years old and had been cleared by the background check. In May 2013, defendant hired a woman, whom plaintiff alleges was 43 years old and of Hispanic descent, to fill a non-licensed optician position. Plaintiff had not applied for this position.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

If a nonmoving party has failed to make a sufficient showing on an essential element of his or her case with respect to which he or she has the burden of proof, then

3

summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

Plaintiff alleges discrimination on the basis of his sex, age and national origin.[3]

In a disparate treatment case based on circumstantial evidence, the Court analyzes plaintiff's claims of discrimination and retaliation according to the burden shifting process established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) and Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981).

To establish his prima facie claim of sex, age or national origin discrimination in violation of CFEPA, plaintiff must demonstrate that (1) he is a member of a protected class; (2) he was intentionally discriminated against on the basis of that protected class; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination.  Dowrich-Weeks v. Cooper Square Realty, Inc., 2013 WL 4437071, *1 (2d Cir. 2013); Joseph v. North Shore Univ. Hosp., 473 Fed. Appx. 34, 37 (2d Cir. 2012).  Although the plaintiff's initial burden is not onerous, he must show that the alleged adverse employment action was not made for legitimate reasons.  Thomas v. St. Francis Hosp. & Med. Ctr., 990 F. Supp. 81, 86 (D. Conn. 1998).

If the plaintiff establishes a prima facie case, the defendant must articulate a legitimate, non-discriminatory business reason for the alleged discriminatory action. The plaintiff must then prove by a preponderance of the evidence that the supposed legitimate reason is actually a pretext for discrimination.  St. Mary's Honor Ctr. v. Hicks,

---

[3] Plaintiff's opposition papers do not appear to advance his age discrimination claim.

4

509 U.S. 502, 515 (1993). It is well established that the Court should not second guess an employer's business decision so long as that decision is not taken for a discriminatory reason. Byrnie v. Town of Cromwell Bd. Of Educ., 243 F.3d 93, 103 (2d Cir. 2001).

For purposes of ruling on this motion for summary judgment, the Court assumes that plaintiff has established the prima facie case. As its legitimate, non-discriminatory business reason, defendant sets forth that it rescinded plaintiff's conditional offer of employment based on the background that confirmed plaintiff's ineligibility for a Health and Wellness position due to his felony drug conviction. At the time relevant to this case, Wal-Mart's policy that individuals convicted of drug-related felonies could not be eligible for Health and Wellness positions applied to more positions than required by law, but it was not illegal.[4] Wal-Mart's policy did not make applicants ineligible based on any criminal history. Plaintiff has not shown that defendant applied its policy disparately to applicants for the licensed optician position. Plaintiff has not adduced evidence suggesting defendant's justification for rescinding its offer is pretextual for a discriminatory animus. Accordingly, summary judgment will be granted on plaintiff's claims of sex, age and national heritage discrimination.

---

[4] EEOC Enforcement Guideline 915.02 cautions that, "[A]n employer's use of an indiviudal's criminal history in making employment decision may, in some instances, violate the prohibition against employment discrimination under Title VII ..." and that a "violation may occur when an employer treats criminal history information differently for different applicants or employees, based on their race or national origin (disparate treatment liability)." The Guideline suggests that employers, inter alia, "[e]liminate polices or practices that exclude people from employment based on any criminal record" and "determine the specific offenses that may demonstrate unfitness for performing such jobs."

## **CONCLUSION**

For the foregoing reasons, the Motion for Summary Judgment [doc. #26] is GRANTED.

The clerk is instructed to enter judgment in favor of defendant and to close this case.

Dated this 10th  day of August, 2016, at Bridgeport, Connecticut.


/s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE